UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALRADA FINANCIAL CORPORATION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SOJAAD DIAGNOSTICS, LLC, ET AL<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:23-cv-01183-JO-JLB<br><br>**ORDER GRANTING MOTION FOR SERVICE BY ALTERNATIVE OR SUBSTITUTED SERVICE** |

Plaintiff Dalrada Financial Corporation ("Plaintiff") brought this action against Defendants Sojaad Diagnostic, LLC, Sojaad Holdings, LLC, and Lee B. Elber in his individual and official capacity as the managing member of both defendant companies. Dkt. 1. Plaintiff moves for leave to serve the summons and complaint on Defendant Lee B. Elber ("Defendant Elber") by alternative or substituted method pursuant to Federal Rule of Civil Procedure 4(e)(1) and the California Rules of Civil Procedure. Dkt. 6. For the reasons stated below, the Court GRANTS the motion for service by alternative or substituted service.

/ / /

# I. BACKGROUND

Plaintiff seeks to serve Defendant Elber by alternative methods of service because it has made numerous attempts to serve him and has not yet been successful. Dkt. 6 at 2. Plaintiff claims that the information Defendant Elber provided and available on the internet do not reflect his true personal or business addresses. *Id.* at 2–3. Plaintiff has attempted personal service at four different addresses collected from multiple webpages and was notified at each attempt that Defendant Elber did not reside or work there. Dkt. 4 at 3–10, 21–23. In addition, Plaintiff's attorney, Scott McPherson, was contacted by a resident of Defendant Elber's purported home address and informed that while Defendant Elber used to rent a room there, he had not lived there for around two years. Dkt. 3 at 5–6. At one of the listed locations, Plaintiff's process server encountered Defendant Elber's mother-in-law, who that Defendant Elber did not live there and never had. Dkt. 4 at 23. Plaintiff also investigated Defendant Elber's wife, Kimberley Beth Elber, and unsuccessfully attempted service at her last known address. *Id.* at 12–18. In light of these facts, Plaintiff alleged that Defendant Elber intentionally provided false addresses and is actively evading service. Dkt. 3 at 3.

Based on these attempts, Plaintiff filed a motion to request alternative or substituted service on September 14, 2023. Dkt. 3. In response, the Court denied its motion, reasoning that Plaintiff had not demonstrated that it conducted a thorough investigation and exhausted reasonably available methods to locate Defendant Elber. Dkt. 5. Following the Court's order, Plaintiff requested a skip trace be performed to assist in locating Defendant Elber, which resulted in two new addresses. Dkt. 6 at 3. However, Plaintiff learned that Defendant Elber sold one of the addresses and Plaintiff could not locate anyone at the second address. *Id.* Plaintiff also conducted a search of the New Jersey Division of Consumer Affairs, which indicated that Defendant Elber's medical license had expired and not been renewed. *Id.* Finally, Plaintiff conducted a search on TruthFinder.com but that search generated no new leads. *Id.* After exhausting these avenues, Plaintiff filed this

motion for leave to serve summons and complaint by alternative or substituted service. Dkt. 6.

## II. DISCUSSION

Plaintiff requests that the Court permit alternative service by either (1) leaving a copy of the summons and complaint with Defendant Elber's mother-in-law and thereafter mailing a copy to the same address or (2) by publication in a newspaper published where Defendant Elber was last known to have resided. Dkt. 6 at 5. The Court addresses each request in turn.

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by "personally" serving the individual, leaving a copy at the "individual's dwelling or usual place of abode," or "delivering a copy" to "an agent authorized by appointment or by law." Fed. R. Civ. P. 4(e). Here, as Plaintiff has been unable to locate Defendant Elber and his dwelling or place of abode, he seeks to serve Defendant Elber pursuant to California's rules of service. Dkt. 6 at 5.

Under the California Rules of Civil Procedure, service of process of a summons and complaint may be made "by delivering a copy of the summons and complaint to the individual defendant personally." *Mentzer v. Vaikutyte*, 2018 WL 1684340, at *4 (C.D. Cal. Feb. 26, 2018) (citing Cal. Civ. Proc. Code § 415.10), *report and recommendation adopted*, 2018 WL 1684300 (C.D. Cal. Apr. 3, 2018). "[O]nly after a good faith effort at personal service has first been made," is substituted service permitted. *Id.* (quoting *Bd. of Trs. of the Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 337 (2013)). "Ordinarily, ... two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal. 1995) (citing *Bein v. Brechtel–Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1390 (1992)).

   Substituted or alternative service may be ordered as long as the "summons [is] served in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Civ. Proc. Code § 413.30. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Bonita Packing Co.*, 165 F.R.D. at 613–614 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *Brechtel–Jochim*, 6 Cal. App. 4th at 1392. "For substituted service to be reasonably calculated to give an interested party notice of the pendency of the action and an opportunity to be heard, [s]ervice must be made upon a person whose relationship to the person to be served makes it more likely than not that they will deliver process to the named party." *Bonita Packing Co.*, 165 F.R.D. at 614 (citing *Brechtel–Jochim*, 6 Cal. App. 4th at 1393).

   "[A]s a last resort," *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (1978), a court may also order service by publication "if upon affidavit it appears . . . that the party to be served cannot with reasonable diligence be served in another manner specified in this article," Cal. Civ. Proc. Code § 415.50(a). However, "if a defendant's address is ascertainable, some other method of service must be employed." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). Reasonable diligence requires "a number of honest attempts to learn defendant's whereabouts," such as by "inquiry of relatives" or "investigation of appropriate city and telephone directories." *Id.* The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1137 (1996).

   Here, the Court grants Plaintiff's request to serve Defendant Elber's mother-in-law as substituted service. *See* Cal. Civ. Proc. Code § 413.30. Plaintiff has attempted personal service on numerous occasions and has exhausted other means of identifying Defendant Elber's addresses and familial contacts. Defendant Elber's mother-in-law is the only point of contact that Plaintiff has successfully made contact with despite its myriad efforts. Dkt.

4 at 23. In fact, Defendant Elber's mother-in-law indicated that she knows him, and thus, likely knows where he can be found. *Id.* Accordingly, the Court finds that this substituted service is "reasonably calculated" to reach Defendant Elber because it is "more likely than not" that the mother-in-law will deliver process to him. *Bonita Packing Co.*, 165 F.R.D. at 614 (internal citation and quotation marks omitted).

The Court also finds that Plaintiff has demonstrated "reasonable diligence" to permit service by publication. Cal. Civ. Proc. Code § 415.50. Plaintiff has frequently attempted to (1) personally serve Defendant Elber, (2) identify Defendant Elber's location through a series of different databases and search engines, and (3) locate Defendant Elber's wife, amounting to a "thorough systemic investigation and inquiry conducted in good faith." *Kott*, 45 Cal. App. 4th at 1137. Moreover, it appears that Defendant Elber is evading service because he cannot be found at any of his listed addresses or through any familial contact. The Court is therefore "more willing to allow alternative methods such as service by publication." *Felix v. Anderson*, 14-cv-3809-JCS, 2015 WL 545483, at *2 (N.D. Cal. Feb. 9, 2015) (citing *Miller v. Super. Ct.*, 195 Cal. App. 2d 779, 786 (1961) ("A person who deliberately conceals himself to evade service of process is scarcely in a position to complain overmuch of unfairness in substitutive methods" of service.)). Accordingly, the Court permits service by publication in a newspaper published where Defendant Elber was last known to have resided in conjunction with service at Defendant Elber's mother-in-law's residence.

### III. CONCLUSION

For the reasons set out above, the Court GRANTS Plaintiff's motion for leave to serve summons and complaint by alternative or substituted service by **both** (1) leaving a copy of the summons and complaint with Defendant Elber's mother-in-law at 11 Dakota Street, Passaic, New Jersey 07055 and thereafter mailing a copy to the same address, AND (2) by publication in a newspaper published where Defendant Elber was last known to have resided.

It is **FURTHER ORDERED** that:

1. Plaintiff complete substituted service on Defendant Elber's mother-in-law no later than **March 15, 2024**.

2. Plaintiff complete service by publication in a newspaper published where Defendant Elber was last known to have resided no later than **March 15, 2024**. Service by publication must comply with California Government Code § 6064, which provides that the publication in the newspaper must occur four times with five days in between each publication.

**IT IS SO ORDERED**.

Dated: February 16, 2024

_____
Honorable Jinsook Ohta
United States District Judge